**PETER R. MERSEREAU,** OSB No. 73202
pmersereau@mershanlaw.com
**BARRETT C. MERSEREAU,** OSB No. 02392
bmersereau@mershanlaw.com
MERSEREAU & SHANNON LLP
One SW Columbia Street, Suite 1600
Portland, Oregon 97258-2089
Telephone: 503.226.6400
Facsimile: 503.226.0383

    Of Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BRUCE MILLER, <br><br> Plaintiff, <br><br> v. <br><br> DESCHUTES VALLEY WATER DISTRICT AND GARY LYTLE, <br><br> Defendants. | Case No. 08-6370-HO <br><br> DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES |

For their Answer to plaintiff's complaint, defendants Deschutes Valley Water District ("District") and Gary Lytle ("Lytle") (collectively, "defendants") admit, deny, and allege as follows:

**FIRST DEFENSE**

1.

Defendants admit that plaintiff Bruce Miller ("plaintiff") was terminated on or about July 25, 2007, and was reinstated to employment on or about June 12, 2008.

2.

Defendants admit that on or about August 17, 2006, Lytle energized the Opal Springs

PAGE 1 -    DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

hydroelectric plant ("the plant"). Defendants further admit that on or about August 21, 2006, a safety meeting occurred at the plant, during which meeting Lytle authorized the purchase and implementation of a new "lock-out, tag-out" system, using individualized locks instead of generic locks. Defendants further admit that during that safety meeting, Lytle invited his employees to file OSHA complaints or grievances regarding his operation of the plant.

3.

Defendants admit that on or about September 14, 2006, Lytle energized the plant. Defendants further admit that on or about September 25, 2006, a safety meeting occurred at the plant, during which meeting Lytle told his employees that he would no longer be energizing the plant. Defendants further admit that on or about September 25, 2006, Lytle reminded his employees of the previously-existing job site rules and expectations, including rules regarding use of the break room, work hours, transportation, and the prohibition of the use of company time and resources for personal matters.

4.

Defendants admit that in October or November of 2006, plaintiff's ability to order materials for the plant was curtailed.

5.

Defendants admit that in November of 2006, plaintiff was placed on paid administrative leave, following plaintiff's admission that he was taking potentially psychoactive medication. Defendants further admit that they conditioned plaintiff's return to work on a medical release from plaintiff's physician.

PAGE 2 -    DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

MERSEREAU & SHANNON, LLP
L A W Y E R S
ONE SW COLUMBIA STREET, SUITE 1600
PORTLAND, OREGON 97258-2014
(503) 226-6400

6.

Defendants admit that on or about July 25, 2007, plaintiff was terminated.

7.

Except as expressly admitted hereinabove, defendants deny each and every other allegation, matter and thing contained in the amended complaint, and the whole thereof.

## SECOND DEFENSE

8.

Plaintiff's Complaint fails to state a claim upon which relief can be granted against any of the answering defendants.

## THIRD DEFENSE

9.

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## FOURTH DEFENSE

10.

Plaintiff's claims are barred by the application of the doctrines of waiver and estoppel.

## FIFTH DEFENSE

11.

Plaintiff has failed to exhaust his administrative remedies.

PAGE 3 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

MERSEREAU & SHANNON, LLP
LAWYERS
ONE SW COLUMBIA STREET, SUITE 1600
PORTLAND, OREGON 97258-2014
(503) 226-6400

## SIXTH DEFENSE

12.

Lytle is qualifiedly immune from liability on plaintiff's claims under 42 USC § 1983.

## SEVENTH DEFENSE

13.

In taking or failing to take the actions complained of by plaintiff in his pendent state claims, defendant district was engaged in the performance of discretionary functions for which it is immune from liability under ORS 30.265(3)(c).

## EIGHTH DEFENSE

14.

The only proper defendant under plaintiff's pendent state claims is the defendant district, pursuant to ORS 30.265(1). As a result, the misjoined individual defendant on said pendent claims should be dismissed.

## NINTH DEFENSE

15.

At all material times, defendants' personnel actions respecting plaintiff's employment were based on plaintiff's performance or lack thereof of his job responsibilities, and were supported by good cause in all respects.

/ / / /

PAGE 4 -    DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

MERSEREAU & SHANNON, LLP
LAWYERS
ONE SW COLUMBIA STREET, SUITE 1600
PORTLAND, OREGON 97258-2014
(503) 226-6400

### TENTH DEFENSE

16.

Plaintiff has failed to mitigate his damages.

DATED: February 2, 2009.

       MERSEREAU & SHANNON, LLP

        */s/ Barrett Mersereau*
       **PETER R. MERSEREAU, OSB No. 73202**
       pmersereau@mershanlaw.com
       **BARRETT C. MERSEREAU**
       bmersereau@mershanlaw.com
       503.226.6400
       Of Attorneys for Defendants

PAGE 5 -    DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

MERSEREAU & SHANNON, LLP
LAWYERS
ONE SW COLUMBIA STREET, SUITE 1600
PORTLAND, OREGON 97258-2014
(503) 226-6400